IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02038-CNS-KLM

ARGELIA ENRIQUE-CHAVEZ, individually and as a representative on behalf of the Estate of Gerardo Manuel Chavez, deceased,

     Plaintiff,

v.

DILLON COMPANIES, LLC, doing business as The Kroger Company,

     Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File Amended Complaint to Add a Claim for Exemplary Damages** [#42] (the "Motion"). Defendant filed a Response [#53] in opposition to the Motion [#42], Plaintiff filed a Reply [#56], and Defendant filed a Surreply [#79], with permission of the Court. *Minute Order* [#78]. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motion [#42] has been referred to the undersigned. *See* [#44]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#42] is **GRANTED**.

## I. Background

On July 1, 2021, Plaintiff filed the initial Complaint [#6] in the Denver County District Court for the State of Colorado. The case was removed to the United States District Court for the District of Colorado on July 28, 2021. *Notice of Removal* [#1]. Plaintiff pursues

two causes of action in this premises liability case: a wrongful death claim and a survival claim, both in connection with the death of Gerardo Manuel Chavez ("Chavez"), which resulted from his fall on Defendant's premises.  *Compl.* [#6] at 1, 5-9.  Mr. Chavez was working on the premises when he leaned against a small, unsecured rail that was in a location where a permanent, secured safety rail had been in the past.  *Id.* at 3-5.  The small rail gave way, and Mr. Chavez fell into a loading dock area situated on a lower plane than where Mr. Chavez had been standing.  *Id.*  Mr. Chavez died of his injuries four days later.  *Id.* at 6.

On June 21, 2022, Plaintiff filed the present Motion [#42], seeking leave to amend her Complaint [#6] to add a claim for exemplary damages.  As discussed in more detail below, Plaintiff asserts that she presents "*prima facia* proof that Defendant's conduct was attendant [sic] by circumstances of willful and wanton and recklessness" and she should therefore be allowed to amend her Complaint [#6] to include an exemplary damages claim.  *Motion* [#42] at 7.  In contrast, Defendant contends that exemplary damages are inappropriate and that the Motion [#42] should be denied because Plaintiff "fails to establish prima facie proof of a triable issue for exemplary damages."  *Response* [#53] at 1.

## II.  Legal Standard

The Court has discretion to grant a party leave to amend her pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend her

–2–

complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted). The Court may otherwise deny a motion to amend because of "delay, bad faith, undue expense, or other demonstrable prejudice." *Stamp v. Vail Corp.*, 173 P.3d 437, 449 (Colo. 2007).

In diversity cases such as this, a motion to amend a complaint to add an exemplary damages claim is governed by Colorado state law. *Klein v. Grynberg*, 44 F.3d 1497, 1503 (10th Cir. 1995). Under Colorado law, a claim for exemplary damages may not be included in any initial claim for relief and may only be added by amendment to the pleadings after initial disclosures are exchanged and "the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). Prima facie proof of a triable issue requires "a showing of reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp*, 173 P.3d at 449 (Colo. 2007) (quoting *Leidholt v. Dist. Court*, 619 P.2d 768, 771 n.3 (Colo. 1980)). Such proof is established through discovery or evidentiary means. *Id.* at 450. It is the jury who decides the merits of an exemplary damages claim. *See id.*; *E & S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2 (D. Colo. Mar. 26, 2009). At this stage in the litigation, a plaintiff should be granted "some leeway in establishing [her] prima facie case." *Leidholt*, 619 P.2d at 769.

A claim for exemplary damages under Colorado law is appropriate where the events resulting in a personal injury are "attended by circumstances of fraud, malice, or

willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). Willful and wanton conduct is defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Id.* § 13-21-102(1)(b). The Colorado Supreme Court has held that, "[w]here the defendant is conscious of [its] conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Accordingly, in order to determine whether Plaintiff may include a claim for exemplary damages, the Court must consider whether Plaintiff has sufficiently alleged that Defendant was "conscious of [its] conduct and the existing conditions and knew or should have known that injury would result." *Id.*

### III. Analysis

Plaintiff alleges three factual bases for exemplary damages: (1) a safety rail had been present in the loading dock area since at least 2007; (2) Defendant had actual knowledge that the safety rail was removed and, as a result, that there was an unguarded ledge in the loading dock area; and (3) Defendant chose not to replace the safety rail for three months prior to the incident that caused the death of Mr. Chavez. *Motion* [#42] at 4-5, 9; *Am. Compl.* [#56-1] at 3.

Plaintiff's evidentiary support for these allegations include: (1) Google Maps Street View images and the opinion of Plaintiff's expert witness that these images show that there had been a safety railing in place since at least September 2007, *Ex. 3* [#42-3] at 11-12; (2) deposition testimony of Defendant's employee, Benjamin Yarmeak ("Mr.

–4–

Yarmeak"), who removed the railing on May 12, 2020, *Ex. 2* [#42-2] at 74:3, 74:10, 79:7-11; and (3) deposition testimony by Mr. Yarmeak that, while there had been discussions about replacing the railing, no actions were taken until three months later, after the accident that caused the death of Mr. Chavez, *id.* at 107:1-20, 119:11-121:24.  Plaintiff's additional support for the allegations includes the admission by Mr. Yarmeak that the presence of the railing in the loading dock area was for both safety and aesthetics.  *Ex. 2* [#42-2] at 61:10-16.

At this stage of the litigation, the Court is concerned only with whether the evidence, when viewed in the light most favorable to Plaintiff as the moving party, is sufficient to establish a prima facie case of willful and wanton conduct.  *See Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *4 (D. Colo. Jan. 17, 2007).  In *Graham v. Safeway, Inc.*, No. 2020CV30870, 2022 WL 1056934, at *3-4 (Colo. Dist. Ct. Mar. 28, 2022), the court found that, when a grocery store worker did not clean up a spill or alert others of the spill, his conduct created a significant likelihood that someone could be injured, and that this evidence was sufficient for a prima facie showing to add a claim for exemplary damages against the grocery store. The grocery store's argument that it had no history of failing to address similar incidents, and therefore that the plaintiff's motion to add exemplary damages should be denied, was rejected by the court, which stated that a plaintiff need not show multiple prior incidents to amend her complaint to assert exemplary damages.  *Graham*, 2022 WL 1056934, at *4.

Similarly, in *Cunningham v. Standard Fire Insurance Company*, No. 07-cv-02538-

REB-KLM, 2008 WL 4371929, at *2 (D. Colo. Sept. 23, 2008), where the plaintiff alleged that the defendants acted willfully and wantonly in failing to handle his insurance claims by not engaging in any investigation or action on the claims, the court found that the plaintiff's allegations and supporting evidence demonstrated a prima facie case of reckless disregard for the consequences or rights of the plaintiff, and the plaintiff was allowed to add a claim for exemplary damages under Colo. Rev. Stat. § 13-21-102.  The court emphasized that it did not evaluate or address the merits of awarding punitive damages; it simply allowed the issue of punitive damages to be included in the pleadings. *Id.*

Considering the allegations in a light most favorable to Plaintiff, *see E & S Liquors, Inc.*, 2009 WL 837656, at *2-3, the Court finds that Plaintiff has adequately alleged that Defendant consciously and purposefully engaged in conduct a reasonable jury could find was willful and wanton, or, at a minimum, reckless conduct without regard to the rights of Plaintiff, and that she has supported those allegations with adequate evidentiary support.  *See* Colo. Rev. Stat. § 13-21-102(1)(b); *Coors*, 112 P.3d at 66.  According to Mr. Yarmeak's deposition testimony, Defendant was conscious of its conduct and the existing conditions, and, at the very least, it should have known that injury would result if the railing were not replaced.  *Ex. 2* [#42-2] at 61:10-16, 107, 119:11-121:24.  As such, the Court finds that Plaintiff has established a prima facie claim for exemplary damages, satisfying Colo. Rev. Stat. § 13-21-102(1.5)(a).  In short, Plaintiff alleges facts from which a reasonable factfinder could find that Defendant was "conscious of [its] conduct and the existing conditions and knew or should have known that injury would result."  *Coors*, 112

P.3d at 66.  This order does not address the merits of awarding exemplary damages in this case but recognizes that the issue of exemplary damages can properly be included in the pleadings at this point, therefore permitting Plaintiff to amend her Complaint [#6]. *See Colo. & Santa Fe Real Estate Co. v. Hartford Cas. Ins. Co.*, No. 10-cv-00405-MSK-KMT, 2010 WL 3714751, at *3 (D. Colo. Sept. 14, 2010).

Accordingly, the Court finds that Plaintiff has met her burden under Colo. Rev. Stat. § 13-21-102 to add a claim for exemplary damages.

## IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#42] is **GRANTED**.  Plaintiff shall file a clean, non-red-lined version of her Amended Complaint **no later than October 14, 2022**.

Dated: October 7, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

–7–